UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

------------------------------------- X
TRIBORO QUILT MANUFACTURING  :
CORPORATION,
                                                      :    INDEX NO.  10-CV-3604

        Plaintiff,                   :    **DEFENDANT'S ANSWER**
     -against-                 :    **AFFIRMATIVE DEFENSES AND**
                                                      :    **COUNTERCLAIMS**
LUVE LLC,
                                                        :
        Defendant.
------------------------------------- X

      Defendant Luve LLC ("Luve") hereby answers Plaintiff, Triboro Quilt Manufacturing Corporation's ("Triboro"), Complaint as follows:

      1.    Triboro accurately states the nature of its claims.  Luve denies the remaining allegations contained in Paragraph 1.

      2.    Luve lacks information sufficient to admit or deny the allegations of Paragraph 2 and, therefore, denies the same.

      3.    Luve denies that it is a corporation, and affirmatively alleges that it is a Wisconsin Limited Liability Company with its principal place of business located at N17 W36060 Woodland Hill Drive, Delafield, Wisconsin 53018; Luve affirmatively alleges that its sole member is Amy L. Seckinger, a Wisconsin citizen.

      4.    Luve denies that it contracted to provide services in New York, but admits the remaining allegations contained in Paragraph 4.

      5.    Luve admits the allegations contained in Paragraph 5.

      6.    Luve admits the allegations contained in Paragraph 6.

      7.    Luve denies the allegations contained in Paragraph 7.

8. Luve denies the allegations contained in Paragraph 8.

9. Luve denies the allegations contained in Paragraph 9.

## AFFIRMATIVE DEFENSES

AS AND FOR AFFIRMATIVE DEFENSES in this action, Luve alleges upon information and belief as follows:

1. Triboro has failed to state a claim upon which relief may be granted.

2. Triboro has waived its claims against Luve.

3. The Agreement, by its terms, terminated on September 30, 2009.

4. Triboro breached the Agreement by, at least, failing to use commercially reasonable efforts to maximize sales; failing to properly mark the products; failing to send samples of products, packaging, and promotional material for review; and failing to provide marketing reports.

5. Triboro's alleged damages are subject to set-off, recoupment, offset, or other legal or equitable reductions of damages.

6. Triboro has failed to mitigate its damages.

## COUNTERCLAIM

AS AND FOR ITS COUNTERCLAIM against Plaintiff Triboro Quilt Manufacturing Corporation ("Triboro"), Luve LLC ("Luve") alleges as follows:

1. Luve is a Wisconsin Limited Liability Company with its principal place of business at N17 W36060 Woodland Hill Drive, Delafield, Wisconsin 53018. Luve's sole member is Amy L. Seckinger, a Wisconsin citizen.

2. Upon information and belief and as stated in Triboro's Complaint, Triboro is a corporation organized and existing under the laws of the State of New York having a principal place of business at 172 South Broadway, White Plains, New York 10605.

3. Jurisdiction is appropriate under 28 U.S.C. §§ 1332(a), (b).

4. Venue is appropriate under 28 U.S.C. § 1391.

### Facts

5. Luve is a Wisconsin LLC that creates and designs products that assist in caring for babies. Luve created the Bath Luve. The Bath Luve is a wash-cloth-like article used to keep babies warm and comfortable while in the bath. The Bath Luve features child-friendly designs such as ducks, frogs and fish, and has distinctive, bright colors.

6. On or about August 30th, 2006, Luve entered into an Exclusive License Agreement ("Agreement") with Triboro. The Agreement granted Triboro a license to manufacture, sell, advertise, promote, and distribute the Bath Luve.

**A.   The Agreement**

7. The Agreement provides that it will last for three years. The license years are: October 1, 2006–September 20, 2007; October 1, 2007–September 30, 2008; and October 1, 2008–September 30, 2009.

8. Among other things, the Agreement obligated Triboro to:

   a. use commercially reasonable efforts to maximize the sale of Bath Luves;

   b. mark all Bath Luves with either the relevant Patent Number or a Patent Pending designation;

      c. send samples of the product, packaging, and promotional materials to Luve for review and discussion; and

      d. provide Luve with the marketing reports at the end of each quarter.

9. Triboro failed to use commercially reasonable efforts to maximize the sales because, among other things, it failed to give the Bath Luve adequate, proper, or complete placement in Triboro catalogues.

10. Triboro failed to mark all Luve products with the relevant patent number or otherwise designate a product as patent pending.

11. Triboro failed to send samples of the products and promotional materials to Luve for review.

12. Triboro failed to provide Luve with sales and marketing reports.

13. Triboro failed to market the Bath Luve line of products, which would consist of the Bath Luve and additional baby bath products.

14. Pursuant to the Agreement, either party could terminate the Agreement upon the other party's breach and was required to send notice of the breach.

15. Upon receipt of a notice of breach, the breaching party had 30 days to cure the breach.

16. The Agreement further provided that Luve could terminate the Agreement if Triboro failed to use commercially reasonable efforts to maximize the sale of Luve products.

17. On or about January 8, 2010, counsel for Luve notified Triboro that Triboro had breached the Agreement by failing to provide sales and marketing reports to Luve and by incorrectly identifying and marking Luve products.

18. Triboro failed to cure these breaches.

19. On or about April 19, 2010, counsel for Luve notified Triboro that the Agreement had expired, and in any event, Luve was terminating the Agreement because Triboro failed to: use commercially reasonable efforts to maximize sales; properly mark the products; send samples of products, packaging, and promotional material for review; provide marketing reports.

**B.   Future Products**

20. Luve hoped to expand its products beyond the Bath Luve. To that end, it developed new products and packaging that would be part of the Bath Luve line.

21. Luve brought these ideas for future products and packaging to Triboro. Luve expected that Triboro would manufacture, market, and distribute the new products in a way similar to that under the Agreement. The new products included towels, wash cloths, blankets, and burp cloths and packaging therefore. (hereinafter referred to as "Better Bath Line").

22. It was important for the Better Bath Line to be consistent with the Bath Luve to increase shelf space in stores and to be considered part of the same product line. To that end, <u>it was desired and discussed that</u> the Better Bath Line matched the Bath Luve, were made of high-end material, featured the same characters, and complimented and coordinate with the Bath Luve.

23. The Better Bath Line and packaging were novel and original.

24. Triboro declined to manufacture, market, or distribute the Better Bath Line because, it claimed, its customers did not want such products.

25. Within months after declining Luve's offer to incorporate the Better Bath Line and packaging into the Bath Luve line, Triboro released its own products under a "Just Born" tradename. These products and packaging were nearly identical to the Better Bath Line and packaging.

26. Triboro has now entered into the market with its own products by taking Luve's ideas and using them for its own benefit.

## Count 1: Breach of Contract

27. Luve realleges and incorporates Counterclaim paragraphs 1 through 26 as if fully set forth herein.

28. Triboro and Luve entered into a valid and enforceable contract whereby Luve granted Triboro an exclusive license to manufacture, sell, advertise, promote, and distribute the Luve Bath product line.

29. Triboro materially breached the contract by, at least, failing to: use commercially reasonable efforts to maximize sales; properly mark the products; send samples of products, and promotional material for review; provide marketing reports.

30. Triboro also breached the Agreement by failing to market Bath Luve products as a product line.

31. Luve has been, and continues to be, harmed by Triboro's breach.

## Count 2: Misappropriation

32. Luve realleges and incorporates Counterclaim paragraphs 1 through 31 as if fully set forth herein.

33. Luve had the idea to extend the Bath Luve line by introducing the Better Bath Line and packaging.

34. The Better Bath Line and packaging were novel and original.

35. During the course of Luve's relationship with Triboro, Luve brought the idea for the Better Bath Line to Triboro.

36. Triboro declined to manufacture, market, distribute, or otherwise be involved with the Better Bath Line.

37. Shortly thereafter, Triboro introduced its own products and packaging nearly identical to the Better Bath Line and packaging that Luve had shared with Triboro.

38. Triboro knowingly took Luve's idea for the Better Bath Line and packaging for its own benefit and without compensating Luve.

39. Luve has been damaged by Triboro's misappropriation of its ideas in an amount to be determined at trial.

## Count 3: Conversion

40. Luve realleges and incorporates Counterclaim paragraphs 1 through 39 as if fully set forth herein.

41. Luve created the idea for the Better Bath Line and packaging, which vested Luve with ownership rights.

42. The Better Bath Line and packaging were novel and original.

43. During the course of its relationship with Triboro, Luve brought the idea for the Better Bath Line and packaging to Triboro.

44. Triboro used this information to enter the market with its own products nearly identical to the Better Bath Line and packaging brought to it by Luve.

45. Luve never authorized Triboro to use its idea for the Better Bath Line and packaging.

46. Triboro knowingly took Luve's property, including its ideas, and proceeded to use it for its own benefit and excluded Luve from its rights in the property.

47. Luve has been damaged by Triboro's conversion in an amount to be determined at trial.

### Count 4: Unjust Enrichment

48. Luve realleges and incorporates Counterclaim paragraphs 1 through 47 as if fully set forth herein.

49. Luve shared information with Triboro about the Better Bath Line and packaging.

50. Triboro used Luve's ideas related to the Better Bath Line and packaging to develop its own products nearly identical to the Better Bath Line and packaging brought to it by Luve.

51. Triboro has since profited from the sale of its own products as a result of Luve bringing Triboro its ideas for the Better Bath Line and packaging.

52. By discussing Luve's ideas regarding the Better Bath Line and packaging with Triboro, Luve conferred a benefit upon Triboro.

53. Triboro has not adequately compensated Luve for conferring this benefit upon Triboro.

54. Luve has been damaged by Triboro's unjust enrichment in an amount to be determined at trial.

WHEREFORE, Luve requests the following relief:

A.   Dismissal of Triboro's Complaint with prejudice;

B.   Damages in an amount to be determined at trial;

C.   Costs, including reasonable attorneys' fees; and

D.   Any such further relief the Court deems just and necessary.

Dated: September 29, 2010                    Respectfully submitted,

By:   /s/ David S. Almeida
David S. Almeida
Michael Best & Friedrich LLP
Two Prudential Plaza
180 North Stetson Avenue, Suite 2000
Chicago, IL 60601-6710
Ph: 312-222-0800

Attorneys for Defendant
LUVE LLC

**LUVE HEREBY DEMANDS A JURY OF TWELVE PERSONS ON PLAINTIFF'S CLAIMS AND ON LUVE'S COUNTER-CLAIMS.**

N:\CLIENT\026474\9003\A4098575.2