UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION
-----------------------------------------------------------X
TRIBORO QUILT MANUFACTURING
CORPORATION,                                               INDEX NO. 1-CV-3604

       Plaintiff                                     **LUVE LLC'S SETTLEMENT
                                                           CONFERENCE BRIEF**

- against –

LUVE LLC,

       Defendant
_____X

## LUVE LLC'S SETTLEMENT CONFERENCE BRIEF

Defendant Luve LLC ("Luve") hereby files with the Court and serves its Settlement Conference Brief on Plaintiff, Triboro Quilt Manufacturing Corporation's ("Triboro"), and shows as follows:

### A. Triboro's Complaint

1. On or about April 30, 2010 Triboro filed a complaint against Luve alleging the following facts, which Luve has admitted:

> "On or about August 30, 2006, Triboro and Luve entered into an Exclusive License Agreement under which Triboro was granted the exclusive right to make, have made, sell, offer for sale, and import throughout the world, certain bath towel products.
>
> On or about April 19, 2010, Luve notified Triboro that Luve was terminating the Agreement immediately and that Triboro must immediately stop all manufacturing, marketing and sales related to products that were the subject of the agreement."

2. Triboro further alleged that Luve breached the Agreement by such termination and that Luve wrongfully terminated the agreement; Luve denies these allegations.

## B. Luve's Answer and Affirmative Defenses

1. On or about September 29, 2010, Luve filed its Answer, Affirmative Defenses, and Counterclaims.

2. Luve has made the following affirmative defenses:

   a. Triboro has failed to state a claim upon which relief may be granted.
   b. Triboro has waived its claims against Luve.
   c. The Agreement, by its terms, terminated on September 30, 2009.
   d. Triboro breached the Agreement by, at least, failing to use commercially reasonable efforts to maximize sales; failing to properly mark the products; failing to send samples of products, packaging, and promotional material for review; and failing to provide marketing reports.
   e. Triboro's alleged damages are subject to set-off, recoupment, offset, or other legal or equitable reductions of damages.
   f. Triboro has failed to mitigate its damages.

3. Luve is a Wisconsin LLC that creates and designs products that assist in caring for babies. Luve created the Bath Luve. The Bath Luve is a wash-cloth-like article used to keep babies warm and comfortable while in the bath. The Bath Luve features child-friendly designs such as ducks, frogs, and fish, and has distinctive, bright colors.

4. On or about August 30th, 2006, Luve entered into an Exclusive License Agreement ("Agreement") with Triboro. The Agreement granted Triboro a license to manufacture, sell, advertise, promote, and distribute the Bath Luve.

5. The Agreement provides that it will last for three years. The license years are: October 1, 2006–September 20, 2007; October 1, 2007–September 30, 2008; and October 1, 2008–September 30, 2009.

6. Among other things, the Agreement obligated Triboro to:

   a. use commercially reasonable efforts to maximize the sale of Bath Luves;
   b. mark all Bath Luves with either the relevant Patent Number or a Patent Pending designation;
   c. send samples of the product, packaging, and promotional materials to Luve for review and discussion; and
   d. provide Luve with the marketing reports at the end of each quarter.

7. Triboro failed to use commercially reasonable efforts to maximize the sales because, among other things, it failed to give the Bath Luve adequate, proper, or complete placement in Triboro catalogues.

8. Triboro failed to mark all Luve products with the relevant patent number or otherwise designate a product as patent pending.

9.     Triboro failed to send samples of the products and promotional materials to Luve for review.

10.    Triboro failed to provide Luve with sales and marketing reports.

11.    Triboro failed to market the Bath Luve line of products, which would consist of the Bath Luve and additional baby bath products.

12.    Pursuant to the Agreement, either party could terminate the Agreement upon the other party's breach and was required to send notice of the breach.

13.    Upon receipt of a notice of breach, the breaching party had 30 days to cure the breach.

14.    The Agreement further provided that Luve could terminate the Agreement if Triboro failed to use commercially reasonable efforts to maximize the sale of Luve products.

15.    On or about January 8, 2010, counsel for Luve notified Triboro that Triboro had breached the Agreement by failing to provide sales and marketing reports to Luve and by incorrectly identifying and marking Luve products.

16.    Triboro failed to cure these breaches.

### C. Luve's Counterclaims

1.     On or about April 19, 2010, counsel for Luve notified Triboro that the Agreement had expired, and in any event, Luve was terminating the Agreement because Triboro failed to: use commercially reasonable efforts to maximize sales; properly mark the products; send samples of products, packaging, and promotional material for review; and provide marketing reports.

2.     Luve hoped to expand its products beyond the Bath Luve. To that end, it developed new products and packaging that would be part of the Bath Luve line.

3.     Luve brought these ideas for future products and packaging to Triboro. Luve expected that Triboro would manufacture, market, and distribute the new products in a way similar to that under the Agreement. The new products included towels, wash cloths, blankets, and burp cloths and packaging therefore. (hereinafter referred to as "Better Bath Line").

4.     It was important for the Better Bath Line to be consistent with the Bath Luve to increase shelf space in stores and to be considered part of the same product line. To that end, it was desired and discussed that the Better Bath Line matched the Bath Luve, were made of high-end material, featured the same characters, and complimented and coordinate with the Bath Luve.

5.     The Better Bath Line and packaging were novel and original.

6.     Triboro declined to manufacture, market, or distribute the Better Bath Line because, it claimed, its customers did not want such products.

7.     Within months after declining Luve's offer to incorporate the Better Bath Line and packaging into the Bath Luve line, Triboro released its own products under a "Just Born" trade name. These products and packaging were nearly identical to the Better Bath Line and packaging.

8.     Triboro has now entered into the market with its own products by taking Luve's ideas and using them for its own benefit.

## Counter Claim 1: Breach of Contract

1.     Triboro and Luve entered into a valid and enforceable contract whereby Luve granted Triboro an exclusive license to manufacture, sell, advertise, promote, and distribute the Luve Bath product line.

2.     Triboro materially breached the contract by, at least, failing to: use commercially reasonable efforts to maximize sales; properly mark the products; send samples of products, and promotional material for review; and provide marketing reports.

3.     Triboro also breached the Agreement by failing to market Bath Luve products as a product line.

4.     Luve has been, and continues to be, harmed by Triboro's breach.

## Counter Claim 2: Misappropriation

1.     Luve had the idea to extend the Bath Luve line by introducing the Better Bath Line and packaging.

2.     The Better Bath Line and packaging were novel and original.

3.     During the course of Luve's relationship with Triboro, Luve brought the idea for the Better Bath Line to Triboro.

4.     Triboro declined to manufacture, market, distribute, or otherwise be involved with the Better Bath Line.

5.     Shortly thereafter, Triboro introduced its own products and packaging nearly identical to the Better Bath Line and packaging that Luve had shared with Triboro.

6.     Triboro knowingly took Luve's idea for the Better Bath Line and packaging for its own benefit and without compensating Luve.

7.     Luve has been damaged by Triboro's misappropriation of its ideas.

### Counter Claim 3: Conversion

1.      Luve created the idea for the Better Bath Line and packaging, which vested Luve with ownership rights.

2.      The Better Bath Line and packaging were novel and original.

3.      During the course of its relationship with Triboro, Luve brought the idea for the Better Bath Line and packaging to Triboro.

4.      Triboro used this information to enter the market with its own products nearly identical to the Better Bath Line and packaging brought to it by Luve.

5.      Luve never authorized Triboro to use its idea for the Better Bath Line and packaging.

6.      Triboro knowingly took Luve's property, including its ideas, and proceeded to use it for its own benefit and excluded Luve from its rights in the property.

7.      Luve has been damaged by Triboro's conversion.

### Count 4: Unjust Enrichment

1.      Luve shared information with Triboro about the Better Bath Line and packaging.

2.      Triboro used Luve's ideas related to the Better Bath Line and packaging to develop its own products nearly identical to the Better Bath Line and packaging brought to it by Luve.

3.      Triboro has since profited from the sale of its own products as a result of Luve bringing Triboro its ideas for the Better Bath Line and packaging.

4.      By discussing Luve's ideas regarding the Better Bath Line and packaging with Triboro, Luve conferred a benefit upon Triboro.

5.      Triboro has not adequately compensated Luve for conferring this benefit upon Triboro.

6.      Luve has been damaged by Triboro's unjust enrichment.

                                        Respectfully submitted,

                                        SCHILLER EXLINE, PLLC

                    By    /s/ David A. Schiller_____
                        David A. Schiller (DAS 4601)
                        2309 West Parker Road
                        Plano, TX 75023
                        Ph. (469) 467-9200
                        Fax (469) 467-9600

                                 **CERTIFICATE OF SERVICE**

      This is to certify that on this the 19th day of October, 2011, a true and correct copy of the foregoing instrument has been sent to all counsel of record in accordance with the Federal Rules of Civil Procedure.

                                    \_\_/s/ David A. Schiller_____
                                      David A. Schiller