USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 2/19/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

TRIBORO QUILT MANUFACTURING CORPORATION,

                Plaintiff,

-against-

LUVE LLC,

                Defendant.

------------------------------------------------------------------x

**DECISION AND ORDER**

10 Civ. 3604 (VB)(GAY)

    Defendant Luve LLC ("Luve") has moved pursuant to Fed.R.Civ.P. 15(a)(2) to amend the pleadings herein. Luve seeks to add counterclaims for breach of the mutual confidentiality agreement ("MCA"), breach of fiduciary duties, accounting and disgorgement, and seeks a permanent injunction. Triboro opposes the motion.

    Rule 15 (a)(2) provides that courts "should freely give leave" to amend "when justice so requires." Leave to amend is within the sound discretion of the trial court, but may be denied for such reasons as undue delay, bad faith, undue prejudice to the opposing party by virtue of allowing the amendment, or futility of the amendment. Forman v. Davis, 371 U.S. 178, 182 (1962). "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." Blood v. First Blood Associates, 988 F.2d 344, 350 (2d Cir. 1993). Prejudice may be demonstrated when an amendment "would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute." City of New York v. Group Health Inc., 649 F.3d

151, 158 (2d Cir. 2011)(quoting AEP Entergy Serv. Gas Holding Co. v. Bank of Am., N.A., 626 F.3d 725-26 (2d Cir. 2010).

Here, fact discovery has been ongoing for approximately two years and is scheduled to be completed on April 1, 2013. Expert discovery is to be completed by May 31, 2013. The proposed amendment would add the aforementioned counterclaims and undoubtedly, as argued by plaintiff, result in a new round of discovery and extension of the discovery deadlines. The proposed amendments involve allegations concerning the MCA between the parties and not the exclusive license agreement ("ELA") that was the subject of the original counterclaims. After two years of discovery concerning the ELA, it stands to reason that Triboro would require, as would be their right, substantial discovery concerning the new allegations. The Court concludes that the proposed amendment would require Triboro to "expend significant additional resources to conduct discovery and prepare for trial" and "significantly delay the resolution of the dispute." Id. Thus, Triboro would be subjected to undue prejudice if the proposed amendment was allowed at this late date.

Accordingly, the motion of defendant Luve to amend the pleadings is denied.

SO ORDERED:

Dated: February 20 2012
White Plains, New York

_____
GEORGE A. YANTHIS, U.S.M.J.

2