IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRIBORO QUILT MANUFACTURING CORPORATION,<br><br>                            *Plaintiff*,<br>-v-<br><br>LUVE LLC,<br>                            *Defendant*. | Civil Action : 7:10-cv-03604 (VB) (GAY) |

## **DECLARATION OF CAMERON S. REUBER, ESQ.**

CAMERON S. REUBER hereby declares, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am an attorney with the law firm Leason Ellis LLP, counsel of record for Plaintiff Triboro Quilt Manufacturing Corporation ("Triboro" or "Plaintiff"). I submit this declaration in support of Plaintiff's Combined Opposition to Defendant's Motion for Summary Judgment and Cross-Motion for Summary Judgment.

2. I have personal knowledge of the facts and circumstances set forth in this declaration based on my review of documents exchanged between the parties during the course of discovery in this matter as well as the sworn testimony of witnesses obtained by counsel and, except where stated on information and belief, can competently testify thereto in a court of law.

3. Attached as **Exhibit A** is a true and correct copy of the Exclusive Licensing Agreement ("ELA") between Triboro and Luve, LLC that is at issue in the instant matter.

4. Attached as **Exhibit B** is a true and correct copy of the transcript from the continued deposition of Amy Seckinger taken November 6-7, 2012 and April 26, 2013.

1

5. Attached as **Exhibit C** is a true and correct copy of the U.S. Patent & Trademark Office's rejection of Luve, LLC's patent application (Serial No. 11/774,475) and Notice of Appeal to the Board of Patent Appeals and Interferences.

6. Attached as **Exhibit D** is a true and correct copy of Exhibit 15 from the April 26, 2013 continued deposition of Amy Seckinger, which is a January 7, 2013 cease and desist letter sent to Wal-mart Stores, Inc. on behalf of Luve, LLC.

7. Attached as **Exhibit E** is a true and correct copy of Exhibit 31 from the April 26, 2013 continued deposition of Amy Seckinger, which is an email from Amy Seckinger authorizing the abandonment of the LUVE trademark application.

8. Attached as **Exhibit F** is a true and correct copy of the deposition transcript of Richard White of November 28, 2012 and April 24, 2013.

9. Attached as **Exhibit G** is a true and correct copy of the deposition transcript of Joel Kaplan of March 28, 2013 and April 24, 2013.

10. Attached as **Exhibit H** is a true and correct copy of Exhibit 34 from the April 26, 2013 deposition of Amy Seckinger, which is Luve's Supplemental Responses and Objections to Luve's First Set of Interrogatories (Nos. 1-6), dated April 1, 2013.

11. Attached as **Exhibit I** is a true and correct copy of Defendant's U.S. Trademark Application (Serial No. 76/959,973) for the mark LUVE, dated August 24, 2006, as obtained from the United States Patent and Trademark Office's publically available database.

12. Except where stated on information and belief, based on my objective review of the record in this matter (including the parties' discovery responses and witness testimony), the record is devoid of admissible evidence that Triboro commercialized (other otherwise benefited) from any information marked or designated by Luve pursuant to ELA § 1.2.

13. Except where stated on information and belief, based on my objective review of the record in this matter (including the parties' discovery responses and witness testimony), the record is devoid of admissible evidence that the ELA was ever amended via a writing signed by both parties.

14. Except where stated on information and belief, based on my objective review of the record in this matter (including the parties' discovery responses and witness testimony), the record is devoid of admissible evidence that Luve was damaged by Triboro's failure to supply Luve with samples of all products and promotional materials for review and comment.

15. Except where stated on information and belief, based on my objective review of the record in this matter (including the parties' discovery responses and witness testimony), the record is devoid of admissible evidence that Triboro failed to use commercially reasonable efforts to maximize sale of the bath blanket.

16. Except where stated on information and belief, based on my objective review of the record in this matter (including the parties' discovery responses and witness testimony), the record is devoid of admissible evidence that Luve was harmed by Triboro's failure to send Luve sales and marketing reports.

17. Except where stated on information and belief, based on my objective review of the record in this matter (including the parties' discovery responses and witness testimony), the record is devoid of admissible evidence that Triboro breached any other component of ELA ¶ 3.2.4, such as the timely transmission of quarterly royalty reports.

18. Except where stated on information and belief, based on my objective review of the record in this matter (including the parties' discovery responses and witness testimony), the record is devoid of admissible evidence that Triboro is still manufacturing improperly marked products.

19.    Except where stated on information and belief, based on my objective review of the record in this matter (including the parties' discovery responses and witness testimony), the record is devoid of admissible evidence that Luve was harmed by Triboro's failure to mark any bath blankets products with Patent Pending.

20.    Except where stated on information and belief, based on my objective review of the record in this matter (including the parties' discovery responses and witness testimony), the record is devoid of admissible evidence that Triboro failed to mark all Luve-branded products with the Luve mark.

21.    Except where stated on information and belief, based on my objective review of the record in this matter (including the parties' discovery responses and witness testimony), the record is devoid of admissible evidence that Luve advised Triboro of what it considered to be an ELA-compliant sales and marketing report.

Respectfully submitted,

Dated: August 9, 2013

Cameron S. Reuber
LEASON ELLIS LLP
One Barker Avenue, Fifth Floor
White Plains, New York 10601
Phone: (914) 288-0022
Email: reuber@leasonellis.com

*Attorneys for Plaintiff Triboro Quilt Corporation*

## **CERTIFICATE OF SERVICE**

I, Cameron S. Reuber, hereby certify that on August 9, 2013, a true and correct copy of the foregoing **Declaration of Cameron S. Reuber** was served by email via operation of the Court's ECF filing system, with a courtesy hard copy served via First Class Mail, postage-pre-paid, upon counsel for Defendant addressed as follows:

>David Schiller
>Schiller Exline PLLC
>2309 West Parker Road
>Plano, TX 75023-7839
>DavidS@schillerlaw.com

*Attorneys for Defendant LUVE LLC*

Cameron S. Reuber
LEASON ELLIS LLP
One Barker Avenue, Fifth Floor
White Plains, New York 10601
Phone: (914) 288-0022
Fax: (914) 288-0023
Email: reuber@leasonellis.com