UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION
------------------------------------------------------------X
TRIBORO QUILT MANUFACTURING
CORPORATION,                                      INDEX NO. 10-CV-3604

       Plaintiff                              **DEFENDANT'S MOTION
                                                  IN LIMINE**

- against –

LUVE LLC,

       Defendant
_____X

## DEFENDANT'S MOTION IN LIMINE

**PLEASE TAKE NOTICE,** that Defendant Luve LLC, by its attorneys, The Schiller Law Group, PLLC, will move the Court, *in limine*, at the Trial thereof, for an Order precluding Plaintiff from offering evidence of or concerning:

1. That Triboro did not breach the ELA paragraphs 3.2.4, 7.1 and 7.2 because such matters have already by admitted to by Triboro and found to have been admitted to in this Court's Motion for Summary Judgment Order;

2. That Triboro be limited to offering testimony on the materiality of their admitted breaches and not allowed to argue that they in fact did not breach the ELA in particular as to paragraphs 3.2.4, 7.1 and 7.2;

3. That paragraph 6.1 of the ELA is not ambiguous as this Court has already found that it is in its Motion for Summary Judgment Order;

4. That Triboro suffered any damages as there is no evidence or testimony of any damages having been suffered by Triboro;

5. Put on any testimony or evidence regarding any patent or copyright law requirements for recovery as this is not an infringement case;

6. Put on any testimony from any witness who has not been properly identified in discovery;

7. Put on any testimony from any expert that has not properly been designated as an expert;

8. Put on any testimony of any rebuttal expert, if the expert they were retained to rebut, does not testify;

9. Put on any testimony contrary to the admissions of its corporate representative Richard White;

10. Put on any expert testimony regarding damages as no economic expert has been properly or timely designated;

11. Put on any testimony or evidence that it had a right to manufacture and sell any version of the Bath Buddy as Defendant's Corporate representative has testified that it had none;

12. Put on any testimony or evidence that it did anything to develop the Brand Bath Luve or maximize the value of the brand Bath Luve as it's corporate representative testified that it did nothing;

13. Put on evidence or testimony that Triboro was not aware of its failure to send reports pursuant to 3.2.4 of the ELA after October 21, 2008 as Defendant's Corporate representative has testified that it was aware;

14. Put on evidence or testimony that Triboro did not make a decision not to build the Bath Luve brand as Defendant's Corporate representative has testified that it did make a decision not to build the Bath Luve brand;

15. Put on evidence or testimony contrary to Triboro's corporate representatives admission that Triboro initially was building the Bath Luve brand and then decided not to continue;

16. Put on evidence or testimony contrary to Triboro's corporate representatives admission that Triboro wanted to build its own brand and not Bath Luve so it decided to put the products and ideas brought to it by Luve, LLC and Amy Seckinger under its own brand names;

17. Put on evidence or testimony that was requested in a deposition and never provided to Luve, LLC;

18. Put on evidence or testimony that was requested in written discovery and was never provided to Luve, LLC;

19. Put on evidence or testimony that Luve, LLC and Amy Seckinger did not bring the idea for luxury blankets using Valboa fabric as Triboro's corporate representative has testified that she did bring the idea to Triboro;

20. Put on testimony or evidence that Luve, LLC or Amy Seckinger interfered with Triboro's ability to manufacture or sell any products since Luve, LLC terminated the contract, as Triboro's corporate representative has admitted under oath that Luve LLC and Amy Seckinger did not.

21. Put on testimony or evidence that Luve, LLC breached the contract by sending the Termination Notice as Triboro's corporate representative has

testified under oath that Luve LLC sending the termination notice was not a breach of the contract;

22. Put on any testimony or evidence that Triboro suffered any damage from any alleged breach of contract by Luve, LLC because Triboro's corporate representative has admitted under oath that it has not suffered any damages from any alleged breach of contract;

23. Put on any testimony or evidence that Triboro cured any of the defaults under paragraph 3.2.4 after having been put on notice in 2008 because Triboro's corporate representative has admitted under oath that it did not cure those reporting defaults within 30 days;

24. Put on any testimony or evidence that Triboro cured any of the defaults under paragraph 7.2 after having been put on notice in July of 2009 because Triboro's corporate representative has admitted under oath that it did not cure those marking defaults within 30 days;

25. Put on any evidence that Triboro cured any defaults under Paragraph 7.2 after having been put on notice in January of 2010 because Triboro's corporate representative has admitted under oath that it did not cure those marking defaults within thirty days and continued even after the lawsuit was filed to breach the marking requirements under 7.2 and has no explanation for doing so;

26. Put on any evidence that Triboro cured any defaults under Paragraph 7.1 after having been put on notice in July of 2009 and January of 2010 because Triboro's corporate representative has admitted under oath that it did not cure

those sample, comment and review defaults within thirty days and continued even after the lawsuit was filed to breach the sample, comment and review requirements under 7.1;

27. Put on any evidenced or testimony that Luve, LLC breached the contract in any manner, because Triboro never sent a default notice to Luve, LLC nor did it give Luve, LLC an opportunity to cure any alleged defaults as admitted by Triboro's corporate representative under oath;

28. The filing of this motion, or any ruling by the Court on this motion, suggesting or implying to the jury that Movant wrongfully and improperly moved to prohibit proof.

29. That any witness has a criminal record, where those alleged criminal convictions do not qualify under rule 609 of the Federal Rules of evidence, including but not limited to any conviction for which the witness received deferred adjudication or probation which has been successfully completed and for any such otherwise qualifying conviction which is more than ten years old.

30. Any expert opinions which are based upon unreliable data or methodologies which would thereby make those opinions themselves unreliable under Rule 702 of the Federal Rules of Evidence.

31. Calling any witnesses not identified in response to a discovery request.

32. Any documents not produced to a discovery request that the document would be responsive to or to which the Defendant was ordered to produce but failed to do so.

33. The time or circumstances under which the Defendant employed any attorneys who have represented Defendant in this matter, as well as any conversations or transactions between said attorneys and Defendant. Fed. R. Evid., 402, 502;

34. Any reference to or display of any motion picture films, videotapes, or other movies, unless and until counsel for Plaintiff has a full and fair opportunity to view such films or tapes and raise any objections to the admissibility of said films or tapes. Fed.R.Evid. 103(c), 104(c)

35. Any reference whatsoever to any settlements or any attempted settlements by Defendant in connection with Plaintiff. Fed.R.Evid. 408

36. That no mention be made of the effect or result of a claim, suit or judgment upon the insurance rates, premiums, or charges either generally or as particularly applied to any party in question as a result of this or any other matter. Fed.R.Evid., 402

37. That the Plaintiff be instructed not to make demands or requests before the jury for documents or materials found or contained in Defendant's or in any witnesses' file, which would include statements, pleadings, photographs and other documents, nor to demand or request further or additional medical examinations, physical demonstrations, or other inspections, tests, examinations or demonstrations during the course of the trial in the presence of the jury. Fed.R.Evid. 103(c), 104(c), 502;

38. That the Plaintiff not mention or state to the jury the probable testimony of a witness who is absent, excluded, unavailable or not called to testify in this case;

           The Schiller Law Group, PLLC

           By: /S/ David A. Schiller
               David A. Schiller

/s/ David A. Schiller
David A. Schiller
The Schiller Law Group, PLLC
3315 Silverstone Drive, Suite B
davids@schillerlaw.com
Plano, TX  75023
(469) 467-9200
(469) 467-9600
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that on this the 14th day of November, 2014, a true and correct copy of the foregoing instrument has been sent to all counsel of record via email by operation of the Court's ECF filing system, and in accordance with the Federal Rules of Civil Procedure.

           /s/ David A. Schiller
             David A. Schiller