UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRIBORO QUILT MANUFACTURING CORP.,

                           *Plaintiff*,

   -v-                                              Case No.: 7:10-cv-03604 (VB)

LUVE LLC,

                           *Defendant*.

---

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
ITS MOTION *IN LIMINE* NO. 3 TO PRECLUDE CERTAIN WITNESSES
PURSUANT TO FED. R. CIV. P. 37(c)(1)**

Plaintiff Triboro Quilt Manufacturing Corporation ("Plaintiff") respectfully submits this memorandum of law in support of its motion *in limine* to preclude certain witnesses identified by defendant Luve, LLC ("Defendant") in the joint pre-trial order from testifying at trial in this action (the "Motion").

**I.     Preliminary Statement**

By this Motion, Plaintiff seeks an order pursuant to Fed.R.Civ.P. 37(c)(1) precluding Edwin Seckinger ("Seckinger"), Kathy Barzac ("Barzac"), Tom Otterly ("Otterly"), Melissa Rigney Baxter ("Baxter") and Chellee Stewart ("Stewart") from testifying at the trial on behalf of Defendant. Defendant failed to identify these witnesses as individuals with knowledge relevant to the claims at issue in its initial disclosures pursuant to Fed. R. Civ. P. 26(a), responses to Plaintiff's interrogatories, or at any other point during discovery. Indeed, Plaintiff did not learn of Defendant's intention to rely on these witnesses until the parties' preparation of the joint pre-trial order. Accordingly, Rule 37(c)(1) precludes Plaintiff from using those witnesses at trial. In the alternative, if the Court declines to preclude any or all of these witnesses, Plaintiff respectfully requests leave to request documents from and depose these witnesses prior to trial.

1

II.    **Factual Background**

Plaintiff filed its Complaint in this action on April 30, 2010.  On September 29, 2010, Defendant filed its answer with affirmative defenses and counterclaims.

Plaintiff has no record of Defendant serving its initial disclosures pursuant to Rule 26(a).[1] Declaration of Cameron Reuber ("Reuber Decl.") ¶¶ 5-6.

On January 27, 2012, Defendant served its responses to Plaintiff's First Set Of Interrogatories.  In those responses, Defendant did not identify Seckinger, Barzac, Otterly, Baxter or Stewart as witnesses.  *Id.* at ¶ 4, **Exhibit B**.

The parties deposed twelve witnesses in this action.  *Id.* at ¶ 9.  Not one of them mentioned Seckinger, Barzac, Otterly, Baxter or Stewart by name during their deposition. *Id.*

Plaintiff did not know, and had no reason to know, that Defendant intended to call Seckinger, Barzac, Otterly, Baxter and Stewart to testify at trial or that any of these individuals had information relevant to the claims or defenses in dispute.  Indeed, Plaintiff only learned that Defendant intended to call these witnesses during the parties' preparation of the joint pre-trial order – four years after the case was filed and months after the close of discovery. *Id.* at ¶ 10-12.

III.   **Argument**

    A.    **The Court Should Preclude Defendant From Calling Seckinger, Barzac, Otterly, Baxter Or Stewart As Witnesses**

Rule 37(c)(1) provides "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allow to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is

---

[1] Triboro's trial counsel was not counsel of record at the time Initial Disclosures were exchanged. Triboro's counsel, subsequent to being retained to replace prior counsel, made several verbal and written requests to defense counsel seeking to obtain a copy of Defendant's Initial Disclosures. The five most recent such requests took place on or about: (i) October 14, 2014; (ii) May 1, 2014: (iii) April 22, 2014 (iv) April 17, 2014; and (v) April 15, 2014. Luve declined to respond to same. Reuber Decl. at ¶¶ 7-8.

harmless." "The purpose of the rule is to prevent the practice of 'sandbagging' an opposing party with new evidence" prior to trial. *Ebewo v. Martinez*, 309 F. Supp. 2d 600, 607 (S.D.N.Y. 2004). Exclusion of evidence under Rule 37(c)(1) is "automatic absent a determination of either "substantial justification or harmlessness." *Am. Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D. 87, 93 (S.D.N.Y. 2002). "The burden to prove substantial justification or harmlessness rests with the dilatory party." *Id*. Here, Defendant cannot satisfy either of the exceptions to the mandatory preclusion provision of Rule 37(c)(1). Accordingly, the Court should grant Plaintiff's Motion and preclude Defendant from calling Seckinger, Barzac, Otterly, Baxter or Stewart as witnesses.

First, Defendant has no plausible argument as to why the automatic exclusion provisions of Rule 37(c)(1) should not be enforced here as Defendant cannot justify its failure to disclose five trial witnesses to Plaintiff until the day before the joint pretrial order must be filed. This case is more than four years old, discovery closed over 16 months ago, a substantive summary judgment decision was rendered 8 months ago, and the claims at issue have not significantly changed. Yet, at no point during all of that ample time did Defendant identify these individuals as having knowledge relevant to its claims or defenses. Therefore, there is no valid explanation for Defendant's extreme delay in identifying the subject witnesses.

Second, Defendant's belated disclosure of witnesses after the close of discovery is clearly not harmless. To the contrary, Plaintiff is significantly prejudiced because it has been deprived of the opportunity to engage in *any* discovery with respect to these *five* trial witnesses. Plaintiff was unable to depose them, obtain documents from them, or ask questions at other depositions concerning the knowledge of those five witnesses. *See Am. Stock Exch.*, 215 F.R.D. at 95 (holding plaintiff suffered prejudice where it was unable to conduct discovery because of late disclosure).

## IV. Conclusion

In sum, Defendant cannot demonstrate substantial justification or harmlessness in connection with its failure to disclose Seckinger, Barzac, Otterly, Baxter or Stewart as witnesses.

Thus, for the foregoing reasons, Plaintiff respectfully requests the Court grant its Motion *in Limine* to Preclude Certain of Defendant's Witnesses in its entirety. In the alternative, if the Court declines to preclude any or all of these witnesses, Plaintiff respectfully requests leave to obtain documents from and depose these witnesses prior to trial.

Dated: November 14, 2014　　　　　　　　　　Respectfully submitted,
　　　　　White Plains, New York

　　　　　　　　　　　　　　　　　　　　　　　　Paul Fields
　　　　　　　　　　　　　　　　　　　　　　　　Cameron S. Reuber
　　　　　　　　　　　　　　　　　　　　　　　　LEASON ELLIS LLP
　　　　　　　　　　　　　　　　　　　　　　　　One Barker Avenue, Fifth Floor
　　　　　　　　　　　　　　　　　　　　　　　　White Plains, New York 10601
　　　　　　　　　　　　　　　　　　　　　　　　Phone: (914) 288-0022

　　　　　　　　　　　　　　　　　　　　　　　　Russell M. Yankwitt
　　　　　　　　　　　　　　　　　　　　　　　　Craig M. Cepler
　　　　　　　　　　　　　　　　　　　　　　　　YANKWITT LLP
　　　　　　　　　　　　　　　　　　　　　　　　140 Grand Street
　　　　　　　　　　　　　　　　　　　　　　　　White Plains, NY 10601
　　　　　　　　　　　　　　　　　　　　　　　　Phone: (914) 686-1500

　　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff Triboro Quilt Manufacturing Corp.*

## CERTIFICATE OF SERVICE

I, Cameron S. Reuber, hereby certify that on November 14, 2014, a true and correct copy of the foregoing **Plaintiff's Memorandum of Law in Support of its Motion *In Limine* No. 3 to Preclude Certain Witnesses Pursuant to Fed. R. Civ. P. 37(c)(1)** was served via operation of the Court's ECF filing system, with a courtesy copy served via email, upon counsel for Defendant addressed as follows:

> David Schiller
> The Schiller Firm
> 2309 West Parker Road
> Plano, TX 75023-7839
> DavidS@schillerlaw.com
>
> *Attorneys for Defendant LUVE LLC*

_____
Cameron S. Reuber
LEASON ELLIS LLP
One Barker Avenue, Fifth Floor
White Plains, New York 10601
Phone: (914) 288-0022
Fax:  (914) 288-0023
Email: reuber@leasonellis.com