**UNITED STATE DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**WHITE PLAINS DIVISION**
**--------------------------------------------------------------X**
**TRIBORO QUILT MANUFACTURING**
**CORPORATION,**                                      **INDEX NO. 10-CV-3604**

       **Plaintiff**

**against –**

**LUVE LLC,**

       **Defendant**
**_____X**

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

      Defendant Luve, LLC respectfully requests the following Proposed Jury Instructions

be submitted to the Jury at the trial of the instant matter.

Dated November 17, 2014

                THE SCHILLER LAW GROUP, PLLC

              By ____/s/ David A. Schiller_____
                David A. Schiller (DAS 4601)
                3315 Silverstone Drive, Suite B
                Plano, TX 75023
                davids@schillerlaw.com
                Ph. (469) 467-9200
                Fax (469) 467-9600

## CERTIFICATE OF SERVICE

      This is to certify that on this the 17th day of November, 2014, a true and correct copy of the foregoing instrument has been sent to all counsel of record via email by operation of the Court's ECF filing system, and in accordance with the Federal Rules of Civil Procedure.

              _/s/ David A. Schiller_____
              David A. Schiller

JURY INSTRUCTION NO. 1
<u>Juror Attentiveness</u>

Ladies and gentlemen, before you begin your deliberations, I now am going to instruct you on the law. You must pay close attention and I will be as clear as possible.

It has been obvious to me and counsel that until now you have faithfully discharged your duty to listen carefully and observe each witness who testified. Your interest never flagged, and you have followed the testimony with close attention.  I ask you to give me that same careful attention as I instruct you on the law.

Authority:     4 L. Sand, et al., Modern Federal Jury Instructions 71-1.

JURY INSTRUCTION NO. 2

<u>The Parties</u>

This is a civil case with claims brought by the plaintiffs against the defendant. The parties who bring the claims are called the plaintiffs. The defendant is then called upon to respond to the claims. The plaintiffs in this case are Triboro Quilt Manufacturing, Inc. ("Triboro"), a corporation, and Luve, LLC ("Luve"), is the defendant and Counter claimant in this case. Triboro decided in November of 2014 not to pursue its claims against Luve. Luve the Defendant has decided to pursue its counterclaims.

JURY INSTRUCTION NO. 3

<u>Role of the Court</u>

You have now heard all of the evidence in the ease as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state, Regardless of any opinion that you may have as to what the law may be — or ought to be — it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

Authority: 4 L. Sand, et al., Modern Federal Jury Instructions 71-2

JURY INSTRUCTION NO. 4

<u>Role of the Jury</u>

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or function as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in the objections, or in their questions is not evidence. Nor is what I may have said — or what I may say in these instructions — in evidence. In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your award of damages, if any, should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to what damages, if any, plaintiffs should be awarded here.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to any damages, if any, you should award, or whether any of the witnesses may have been more

credible than any other witnesses. You are expressly to understand that the Court has no opinion as to the amount of damages, if any, you should award in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party.

Authority: 4 L. Sand, et al., Modern Federal Jury Instructions 71-3 (as modified).

JURY INSTRUCTION NO. 5

<u>Juror Oath</u>

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law. I know that you will do this and reach a just and true verdict.

<u>Authority:</u>    4 L. Sand, et al., <u>Modern Federal Jury Instructions</u> 71-4.

JURY INSTRUCTION NO. 6

<u>Jury to Disregard Court's View</u>

I have not expressed nor have I intended to intimate any opinion as to which witnesses are or are not worthy of belief, what facts are or are not established, or what inference or inferences should be drawn from the evidence. If any expression of mine has seemed to indicate an opinion relating to any of these matters, I instruct you to disregard it. You are, I repeat, the exclusive, sole judges of all of the questions of fact submitted to you and of the credibility of the witnesses. Your authority, however, is not to be exercised arbitrarily; it must be exercised with sincere judgment, sound discretion, and in accordance with the rules of law which I give you. In making your determination of the facts in this case, your judgment must be applied only to that which is properly in evidence. Arguments of counsel are not evidence, although you may give consideration to those arguments in making up your mind on what inferences to draw from the facts which are evidence.

From time to time, the Court has been called upon to pass upon the admissibility of certain evidence, although I have tried to do so, in so far as it was practicable, out of your hearing. You have no concern with the reasons for any such rulings and you are not to draw any inferences from them. Whether offered evidence is admissible is purely a question of law in the province of the Court and outside the province of the jury. In admitting evidence to which objection has been made, the Court does not determine what weight should be given to such evidence, not does it pass on the credibility of the evidence. Of course, you will dismiss from your mind completely and entirely any evidence which has been ruled out of the case by the Court, and you will refrain from speculation or

conjecture or any guesswork about the nature or effect of any colloquy between Court and counsel held out of your hearing or sight.

      <u>Authority:</u>    4 L. Sand, et al., <u>Modern Federal Jury Instructions</u> 71-5.

JURY INSTRUCTION NO. 7

<u>Conduct of Counsel</u>

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also have the right and duty to ask the Court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the Court. You should not show any prejudice against any party because an attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the Court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

<u>Authority:</u> 4 L. Sand, et al., <u>Modern Federal Jury Instructions</u> 71-6.

JURY INSTRUCTION NO. 8

<u>Reprimand of Counsel for Misconduct</u>

If during the course of the trial, I have had to admonish or reprimand an attorney because I do not believe what he was doing was proper, you should draw no inference against the attorney or his client. It is the duty of the attorneys to offer evidence and press objections on behalf of their side. It is my function to cut off counsel from an improper line of argument or questioning, to strike offending remarks and to reprimand counsel when I think it is necessary. But you should draw no inference from that. It is irrelevant whether you like a lawyer or whether you believe I like a lawyer.

In fact, in this case, I would like to express my gratitude to each of the attorneys for their conscientious efforts on behalf of their clients and for work well done.

Your verdict should be based on the facts as found by you from the evidence and the law as instructed by the Court.

<u>Authority:</u> 4 L. Sand, et al., <u>Modern Federal Jury Instructions</u> 71-7.

JURY INSTRUCTION NO. 9

<u>Corporate Parties</u>

In this case, the parties are a corporation and an LLC. The mere fact that one is a corporation and one is an LLC does not mean they are entitled to any lesser consideration by you. All litigants are equal before the law, and corporations or LLCs, big or small, are entitled to the same fair consideration as you would give any individual party.

<u>Authority:</u>     4 L. Sand, et al., <u>Modern Federal Jury Instructions</u> 72-1.

JURY INSTRUCTION NO. 10

<u>Burden of Proof Generally</u>

This is a civil case and since Triboro has abandoned its claims against Luve as such Luve, has the burden of proving the material allegations of their complaint by a preponderance of the evidence.

If, after considering all of the testimony, you are satisfied that Luve has carried its burden on each essential point as to which it has the burden of proof, then you must find for them on their claims. If, after such consideration, you find that Luve has failed to sustain their burden on each essential point, then you shall proceed no further and your verdict must be for Triboro.

If, and only if, you find that Luve has established the essential elements of their case, then you shall proceed to consider the issue of damages.

<u>Authority:</u>  4 L. Sand, et al., <u>Modern Federal Jury Instructions</u> 73-1.

JURY INSTRUCTION NO. 11

Preponderance of the Evidence


Since Triboro has abandoned its claims against Luve, then Luve as Defendant/Counter Plaintiff in this case, has the burden of proof on all of the claims they are presenting. Luve has made counter claims against Triboro for breach of contract, misappropriation, conversion and unjust enrichment. If you conclude that Luve has failed to establish the elements of any of its claims by a preponderance of the evidence, you must decide against them on that particular claim.

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties — that it is equally probable that one side is right as it is that the other side is right — then you must decide that issue against the party having this burden of proof. That is because the party bearing this burden must prove more than simple equality of evidence — it must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So

long as you find that the scales tip, however slightly, in favor of the party with this burden of proof, then that element will have been proven by a preponderance of the evidence.

In other words, Luve, the plaintiffs in this case, bear the burden of proof on its counter claims for breach of contract, misappropriation, conversion and unjust enrichment and must establish the elements of each claim as more likely true than not, that is, by a preponderance of the evidence. Some claims may be proven by a preponderance while others may not be, you are the sole judge and weigher of the evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your mind.

Authority:4 L. Sand, et al., Modern Federal Jury Instructions 73-2 (as modified).

JURY INSTRUCTION NO. 12

<u>What Is and Is Not Evidence</u>

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, any facts to which all the lawyers have agreed or "stipulated," and any fact which I have instructed you to accept as true.

By contrast, the question of a lawyer is not to be construed by you as evidence. It is the witnesses' answers that are evidence, not the questions. At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

The famous example of this is the lawyer's question of a married witness "When did you stop beating your wife?" You would not be permitted to consider as true the assumed fact that he ever beat his wife, unless the witness himself indicated he had, or unless there was some other evidence in the record that he had beaten his wife.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict. Also, if certain testimony was received for a limited purpose, you must follow the limited instruction that I gave at the time the testimony was received.

Arguments by lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help

you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

Exhibits which have been marked for identification may not be considered by you as evidence until and unless they have been received in evidence by the Court.

To constitute evidence, exhibits must be received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection.

Finally, statements which I may have made concerning the quality of the evidence do not constitute evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

Authority:          4 L. Sand, et al., <u>Modern Federal Jury Instructions</u> 74-1 (as modified).

JURY INSTRUCTION NO. 13
<u>Direct and Circumstantial Evidence</u>

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he or she knows by virtue of his own senses — something he or she has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit where the fact to be proved is its present existence or condition.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in the Court.

Assume that when you came ino the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom shades were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that you find that Luve has satisfied its burden of proof.

Authority:     4 L. Sand, et al., <u>Modern Federal Jury Instructions</u> 74-2.

JURY INSTRUCTION NO. 14

<u>Judicial Notice</u>

I have taken judicial notice of certain facts which are not subject to reasonable dispute. I have accepted these facts to be true, even though no direct evidence has been introduced proving them to be true. You are required to accept these facts as true in reaching your verdict. These facts are as follows: [TBA by the Court]


<u>Authority:</u>        4 L. Sand, et al., <u>Modern Federal Jury Instructions</u> 74-3 (as modified).

JURY INSTRUCTION NO. 15

<u>Stipulation of Facts</u>

A stipulation of facts is an agreement among the parties that a certain fact is true. You must regard such agreed facts as true. Here the parties have stipulated to the following:

Triboro breached the contract relative to paragraph 3.2.4; 7.1 and 7.2. Triboro does not stipulate that its breaches were material.

<u>Authority:</u>            4 L. Sand, et al., <u>Modern Federal Jury Instructions</u> 74-4.

JURY INSTRUCTION NO. 16

Stipulation of Testimony

A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony. You must accept as true the fact that the witness would have given that testimony. However, it is for you to determine the effect, if any, to be given to that testimony.

Authority:        4 L. Sand, et al., Moder&-Federal Jury Instructions 74-5.

JURY INSTRUCTION NO. 17

Summaries and charts Admitted as Evidence

The parties may have presented exhibits in the form of charts and summaries. I decided to admit these charts and summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. You should consider these charts and summaries as you would any other evidence.

Authority:  4 L. Sand, et al., Modern Federal Jury Instructions 74-11,

JURY INSTRUCTION NO. 18

<u>Depositions</u>

Some of the testimony before you is in the form of depositions which have been received in evidence. A deposition is simply a procedure where the attorneys for one side may question a witness or an adverse patty under oath before a court stenographer prior to trial. This is part of the pretrial discovery, and each side is entitled to take depositions. You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

<u>Federal Jury Instructions</u> 74-14.

JURY INSTRUCTION NO. 19

Witness Credibility — In General

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which the witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness'

testimony.

How do you determine where the truth lies? You watched the witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did he or she appear to be frank, forthright and candid, or evasive and edgy as if hiding somethin0 How did the witness appear; what was his or her demeanor — that is, his or her carriage, behavior, bearing, manner and appearance while testifying? Often it is not what a person says but how he or she says it that moves us.

You should use all tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for• or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he or she testified, the accuracy of his or her memory, his or her

candor or lack of candor, his or her intelligence, the reasonableness and probability of his or her testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.

Authority:  4 L. Sand, et al., Modern Federal Jury Instructions 76-1.

JURY INSTRUCTION NO. 20

Bias

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection which the witness may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony. In short, if you find that a witness is biased, you should view his or her testimony with caution, weigh it with care and subject it to close and searching scrutiny.

Authority:      4 L. Sand, et al., Modern Federal Jury Instructions 76-2.

JURY INSTRUCTION NO. 21
Interest in Outcome

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case. Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his or her own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor mind when evaluating the credibility of his or her testimony, and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness' interest has affected his or her testimony.

Authority: 4 L. Sand, et al, Modern Federal Jury Instructions 76-3.

JURY INSTRUCTION NO. 22

Discrepancies in Testimony

You have heard evidence of discrepancies in the testimony of certain witnesses, and counsel have argued that such discrepancies are a reason for you to reject the testimony of those witnesses.

You are instructed that evidence of discrepancies may be a basis to disbelieve a witness' testimony. On the other hand, discrepancies in a witness' testimony or between his or her testimony and that of others do not necessarily mean that the witness' entire testimony should be discredited.

People sometimes forget things and even a truthful witness may be nervous and contradict himself or herself. It is also a fact that two people witnessing an event will see or hear it differently. Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance but a willful falsehood always is a matter of importance and should be considered seriously.

It is for you to decide, based on your total impression of the witness, how to weigh the discrepancies in his or her testimony. You should, as always, use common sense and your own good judgment.

Authority: 4 L. Sands et al., Modern Federal Jury Instructions 76-4.

JURY INSTRUCTION NO. 23

<u>Impeachment By Prior Inconsistent Statement</u>

You have heard evidence that at some earlier time the witness has said or done something which counsel argues is inconsistent with the witness' trial testimony.

Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence in determining liability. Evidence of a prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself or herself. If you find that the witness made an earlier xtatement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so, how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness' testimony.

<u>Authority:</u>  4 L. Sand, et al., <u>Modern Federal Jury Instructions</u> 76-5.

JURY INSTRUCTION NO. 24

<u>Admission of a Party Opponent: Statement by a Party's Agent</u>

Generally, a party on one side of a case can offer a statement or admission by its opponent in the case as evidence against the opponent. This is true not only when the opposing party makes the statement itself, but also if someone designated as the opposing party's agent or representative makes a statement on their behalf or within the course of representing them.

One example of an agency relationship is that of an attorney and a client. A statement by a lawyer on behalf of a client in the context of representing a client can be used against the client as an admission so long as the statement does not rise to the level of implicating the client in criminal wrongdoing.

Another example of an agency relationship is that of a talent agent and a client. Again, a statement by the agent on behalf of a client in the context of representing a client can be used against the client as an admission so long as the statement does not rise to the level of implicating the client in criminal wrongdoing.

<u>Authority:</u> Fed. R. Evid. 801(d)(2); *United States v. Martin,* 773 F.2d 579 (4th Cir. 1985); *United States v. C.egory,* 871 F.2d 1239, 1243 (4th Cir. 1989).

31

JURY INSTRUCTION NO. 25

<u>Signing a Document</u>

Anyone who signs a document is both presumed to know its contents and is bound by the terms of the document. Even ignorance of the terms within a signed document will not prevent someone from being held liable based on the terms contained within the document.

Moreover, an individual who signs a document is conclusively bound by its terms, and cannot avoid the effect of the document by claiming he did not read it.

<u>Authority:</u> *Bishop v. Maurer,* 823 N.Y.S.2d 366, 368 (N.Y. App. Div. 2006); *In re Ms. Interpret,* 222 B.R. 409, 415 (Banks. S.D.N.Y. 1998); *Floyd v. Nationwide Mutual Insurance Co.,* 626 S.E.2d 6, 12 (S.C. 2005); *Regions Bank v. Schinauch,* 582 S.E.2d 432, 440 (S.C. 2003).

JURY INSTRUCTION NO. 26

Expert Witness—Generally

In this case, I have permitted certain witnesses to express their• opinions about matters that are at issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness' qualifications, his opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his opinion. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

It is not improper for an expert witness to be compensated for services. It is a customary and accepted procedure and no impropriety results from the paying of compensation for the services of an expert witness, including for giving expert testimony at trial. However, you may consider an expert witness' bias, including the fact that the expert witness is being compensated, as part of your overall evaluation of the expert's credibility.

Authority:    4 L. Sand, et al., Modem Federal Jury Instructions 76-9; Duane Burton, July Instructions in Intellectual Property Cases § 60:31:03 (1998).

JURY INSTRUCTION NO. 27

<u>Right to See Exhibits and Hear Testimony</u>

You are about to go into the jury room and begin your deliberations. If during those deliberations you want to see any of the exhibits, you may request that they be brought into the jury room. If you want any of the testimony read, you may also request that. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony.

Your requests for exhibits or testimony — in fact any communication with the Court — should be made to me in writing, signed by your foreperson, and given to one of the marshals. In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached,

<u>Authority:</u>       4 L. Sand, et al., <u>Modem Federal Jury Instructions</u> 78-1.

JURY INSTRUCTION NO. 28

Breach of Contract Claim

As you have heard, Luve seeks to recover damages for breach of contract.  Luve claims that it performed its obligations under the terms of the Licensing Agreement and that Triboro breached the contract by failing to perform its obligations under the Licensing Agreement.  In response, Triboro generally claims that if there was any breach, it was not material and that Luve did not suffer any damages as a result of any of the alleged breaches.

First, Luve claims it entered a Licensing Agreement with Triboro that required Triboro to use of commercially reasonable efforts to maximize the sale of Bath Luve-branded bath blankets pursuant to ¶ 12.2.4 and to maximize the value of Luve's "BATH LUVE" trademark pursuant to ¶ 6.1.  The Court has found that ¶ 6.1 is ambiguous and therefore you are allowed to consider evidence outside of the contract to determine the parties true intent.

Second, Luve claims that Triboro admits that it breached ¶ 7.2 of the Licensing Agreement when it did not properly mark both the product and the packaging with two markings, namely: (i) the term "Patent Pending" and (ii) the words "Licensed by Luve LLC."

Third, Luve claims that and Triboro admits that it breached ¶ 7.1 of the Licensing Agreement when it did not send product samples to Luve for "review and discussion" prior to offering the products for sale.

Fourth, Luve claims that  and Triboro admits that it breached ¶ 3.2.4 of the Licensing Agreement when it did not send sales and marketing reports to Luve every quarter.

In order to succeed on its breach of contract claim, Luve must prove four elements.  First, Luve has the burden of proving, by a preponderance of the evidence, that the Licensing Agreement required Triboro to (1) sell *only* BATH LUVE-branded bath blankets so as to maximize the value of Luve's BATH LUVE trademark;

Triboro has already admitted that it failed  (2) to properly mark the product and packaging in accordance with Paragraph 7.2  and failed to  (3) send product samples to Luve for review and discussion in accordance with Paragraph 7.1; and   failed to (4) provide Luve with quarterly sales and marketing reports.  On these counts you must decide if the admitted breaches were material breaches of the parties contract the Exclusive License Agreement.

Second, Luve must prove Triboro materially breached the Licensing Agreement by not doing what it was required to do under the Licensing Agreement.  A breach is material if it goes to the essence of the agreement between the parties and is so substantial that it defeats the object of the parties  or purpose of the parties in making the contract.

<u>Third</u>, Luve must prove it suffered damages relative to each of the four breaches Luve claims are material.

There is no dispute the parties entered into a Licensing Agreement.  In addition, there is no dispute Luve performed its obligations under the Licensing Agreement. Rather, the parties' dispute is what Triboro's obligations were pursuant to the Licensing Agreement and whether Triboro performed its obligations as required thereunder. In addition, although it is not disputed that Triboro breached its obligations under the Licensing Agreement pursuant to paragraphs 3.2.4, 7.1 and 7.2, it is disputed whether those breaches constituted *material* breaches that caused Luve actual harm.

Therefore, if you find that (1) Triboro materially breached the contract by not doing all of those things required; and (2) Luve suffered damages as a result, you will find for Luve on its breach of contract claim and you will go on to consider Luve's damages relative to each such material breach.

If you decide that the breach was not material or that Luve did not suffer any real damages on account of the breach, you will find for Triboro on Luve's breach of contract claim.

Source:  Adapted from N.Y. Pattern Jury Instr.--Civil 4:1; <u>VFS Fin., Inc. v. Falcon Fifty LLC</u>, 2014 WL 1744496, at *4 (S.D.N.Y. Apr. 30, 2014) (quoting <u>Frank Felix Assocs., Ltd. v. Austin Drugs, Inc.</u>, 111 F.3d 284, 289 (2d Cir.1997)).

JURY INSTRUCTION NO. 29

Misappropriation Claim

Luve claims Triboro misappropriated its idea for the Better Bath Line and misappropriated all of its products after the April 2010 termination.  A person who takes and uses the property of another to compete against that person's own use of the same property has participated in misappropriation. Misappropriation under New York unfair competition law is taking the skill, expenditures, and labors of a competitor and misappropriating for the commercial advantage.   Because Luve claims misappropriation of an idea, it must prove the following elements: (1) its idea for the Better Bath Line and its products are novel and original; and (2) there was a legal relationship between it and Triboro that covers the idea for the Better Bath Line.

For there to be a legal relationship, the parties must have had a confidential relationship or a relationship based on an express or implied contract that covers the idea for the Better Bath Line.

Luve claims Triboro used Luve's idea for creating the Better Bath Line to compete against Luve by manufacturing and packaging nearly identical products after Triboro declined to manufacture the Better Bath Line.  Triboro denies these allegations and claims the Better Bath Line was not a novel or original idea, but merely Luve's modifications of existing product ideas that were already known to Triboro and the public at large.

The burden of proof is on Luve to show the Better Bath Line or other products were a novel and original idea and that one of the elements set forth earlier was met. That is, if you find Luve has not shown (i) that the Better Bath Line or other products were novel and original; and (ii) that Luve and Triboro had a legal relationship that covers the Better Bath Line and /or other products, then you must find for Triboro. If you find that the Better Bath Line or other products were novel or original ideas and all of the other elements were met, then you will find for Luve on this claim.

Source:         Adapted from N.Y. Pattern Jury Instr.--Civil Division 3 G 4 Intro. 1; Zikakis v. Staubach Retail Servs., Inc., No. 04 CIV. 9609 (NRB), 2005 WL 2347852 (S.D.N.Y. Sept. 262005); Lapine v. Seinfeld, 31 Misc. 3d 736, 743 (Sup. Ct. 2011); Precision Concepts, Inc. v., Bonsanti, 172 A.D.2d 737, 738 (1st Dept. 1991). Roy Export Co. v. Columbia Broad. Sys, Inc. 672 F.2d 1095, 1105 (2d Cir. 1982).

JURY INSTRUCTION NO. 30

Conversion Claim

Luve's third claim is that Triboro converted Luve's proprietary product idea for its Better Bath Line.  A party commits conversion when it, without authority, intentionally exercises control over the property of another person and thereby interferes with the other person's right of possession.  The defendant's interference with the property must be to the exclusion of the plaintiff's rights.  The damages for a claim of conversion is the value of the property converted.

Luve claims Triboro used Luve's product idea for Luve's Better Bath Line and the Bath Luve and other products to create products nearly identical to the Better Bath Line, the Bath Luve and other products, thereby interfering with Luve's use of those ideas. Triboro denies these allegations and claims that, aside from the Bath Luve, Luve did not supply Triboro with any information that was not already known to Triboro or known and available to the public at large.  Triboro further denies it interfered with Luve's ability to commercialize its idea for the Better Bath Line. Luve contends that Triboro's actions and its filing suit againt Luve in Federal Court in New York interfered with Luve's ability to commercialize its ideas, products including the Better Bath Line and the Bath Luve.

The burden of proof is on Luve to show that Luve possessed exclusive ownership and control of the product idea information for the Better Bath Line and that Triboro interfered with Luve's ownership and control of that information.  If you find Luve has met its burden, then there was conversion and you will find for Luve.  If you find

Luve has not met its burden, then there was no conversion and you must find for Triboro.

Source:        Adapted from N.Y. Pattern Jury Instr.--Civil 3:10; <u>Geo Grp., Inc. v. Cmty. First Servs., Inc.</u>, No. 11-CV-1711 CBA, 2012 WL 1077846 (E.D.N.Y. Mar. 30, 2012).<u>Trustforte Corp. v. Eisen</u>, 10 Misc.3d 1064 (A), 814 N.Y.S.D.2d 565 (Table), 2005 N.Y. Slip Op. 52116 (U)

JURY INSTRUCTION NO. 31

Unjust Enrichment Claim

Finally, Luve claims Triboro was unjustly enriched at Luve's expense in that Triboro used information shared with it about Luve's Better Bath Line and packaging to develop its own products and its Bath Luve post termination of the Contract April of 2010.

Unjust enrichment occurs when one person has obtained money or a benefit under such circumstances that, in fairness and good conscience, the money or benefit should not be retained.  .  In those circumstances, the law requires that person to repay, return to or compensate the other person.

If you decide that Triboro did *not* use Luve's idea to unfairly profit OR that Luve has been adequately compensated, you will find for Triboro on this claim. If you decide that Triboro used Luve's ideas for Luve's Better Bath Line AND that Luve has not been adequately compensated, you will find that Triboro is liable to Luve and you will go on to consider the value of the benefit Triboro obtained.

Source:  Adapted from N.Y. Pattern Jury Instr.--Civil 4:2;

JURY INSTRUCTION NO. 32

Consider Damages Only If Necessary

If Luve has proven by a preponderance of the credible evidence that Triboro is liable on any of  Luve's claim, then you must determine the damages to which Luve is entitled.   However, you should not infer that either Luve or Triboro is entitled to recover damages merely because I am instructing you on the elements of damages. It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that Luve is entitled to recovery.

Source:        Adapted from 4 Modern Federal Jury Instructions-Civil ¶ 77-1.