UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION
-------------------------------------------------------------X

TRIBORO QUILT MANUFACTURING
CORPORATION,                                                    INDEX NO. 10-CV-3604

            Plaintiff                                         DEFENDANT'S RESPONSE TO
                                                                PLAINTIFF'S MOTION
                                                                IN LIMINE NUMBER 3
-   against –

LUVE LLC,

            Defendant
_____X

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE NUMBER 3**

1. Plaintiff Triboro Quilt Manufacturing, Inc. ("Triboro") filed Motion in Limine Number 3 attempting to exclude testimony of Edwin Seckinger, Kathy Barczak[1], Tom Otterlee, Melissa Rigney Baxter, and Chellee Stewart from testifying at trial. Defendant/Counter Plaintiff Luve, LLC ("Luve") does not intend to call Edwin Seckinger, Melissa Rigney Baxter, and Chellee Stewart at trial. As such, Luve, LLC agrees to the Limine as to those three witnesses. However, as to Kathy Barczack and Tom Otterlee, Defendant Luve, LLC does not agree to the Limine.

2. To support its Limine, Plaintiff Triboro relies on the Declaration of Cameron Reuber, one of Triboro's attorneys. In his Declaration (Dkt#119 paragraphs 2, and 9-11), as an officer of the Court and under the penalty of perjury, Mr. Reuber states as follows:

---

[1] Defendant's witness list misspelled Kathy Barczak's last name as Barzac and Tom Otterlee's last name as Otterly. This however should not have been all that confusing for Plaintiffs counsel since there is only one Barczak and one Otterlee in this case.

2. I have personal knowledge of the facts and circumstances set forth in this declaration based on my review of documents exchanged between the parties during the course of discovery in this matter as well as the sworn testimony of witnesses obtained by counsel and except where stated on information and belief, can competently testify thereto in a court of law.

9. The parties deposed twelve witnesses in this action.

10. I have personally searched all of the deposition transcripts in this action and can confirm that my search did not result in a single mention or reference of the names: Edwin Seckinger, Kathy Barzac, Tom Otterly, Melissa Rigney Baxter or Chellee Stewart.

11. Prior to the day before the joint pretrial order was due, Plaintiff did not know that Defendant intended to call Seckinger, Barzac, Otterly, Baxter or Stewart to testify at trial or that any of these individuals had information relevant to the claims or defenses in dispute.

3. On November 20, 2014 Mr. Reuber wrote to the Court admitting his failure to disclose Ms. Barczak had in fact been identified in Ms. Seckinger's deposition. What is still puzzling is the fact that Mr. Reuber himself was the attorney who took Ms. Seckigner's deposition and it was Mr. Reuber who examined her for approximately ten pages of transcript regarding Ms. Barczak's involvement in the case. In fact, Mr. Reuber prepared exhibits in advance to cross examine Ms. Seckinger regarding Ms. Barczak's role in the case and the development of the products involved. If you read the transcript of Ms. Seckinger's deposition leading up to the questions regarding Ms. Barczak it is easy to see that Mr. Reuber was hoping to show that Ms. Barczak played a creative role in creating the Luve products at issue in this case. For him to portray Ms. Barczak as being someone he and Triboro knew nothing about and that somehow Triboro is surprised by her being listed as a potential witness is simply not credible. Mr. Reuber did not disclose to the Court that he and Triboro are well aware of Tom Otterlee as a potential witness and the role that he played in the parties' disputes. Luve is concerned

that Mr. Reuber and his firm, Leason Ellis are acting in a manner which unnecessarily increases the costs of litigation by, and without merit, multiplying the proceedings and driving Defendant's costs up.

**Reuber and Triboro Knew About Barczak as a Potential Witness**

4. Mr. Reuber attended most of the depositions in this case. In fact he himself took lead in cross examining Defendant's representative, Amy Seckinger, in her deposition. In spite of that, Mr. Reuber boldly declared that neither the name Otterlee or Barczak was ever mentioned or showed up in any of the depositions. He also boldly represents to the Court that Triboro was unaware that either of these witnesses had any knowledge of relevant facts. As stated above he has subsequently admitted he was mistaken about Barczak.

5. On April 26, 2013, Mr. Reuber took the deposition of Amy Seckinger as the corporate representative for Defendant Luve. During that deposition, Mr. Reuber produced and questioned Ms. Seckinger extensively regarding Deposition Exhibit # 19. That exhibit was an invoice attached to an email sent by Ms. Seckinger to Triboro from Kathy Barczak. (See, Exhibit #1, Seckinger Deposition #19). Mr. Reuber proceeded to question Ms. Seckinger for a total of 10 pages of examination regarding Ms. Barczak's role in the design process of one of Luve's products. (See Exhibit #2 Seckinger Deposition at page 322-332). In fact when you look at the first question asked by Mr. Reuber on page 322 and the fact that he had documents prepared as exhibits regarding Ms. Barczak - obviously prepared before the deposition - it is hard to imagine that he could have ever stated with any measure of integrity or candor that he and Triboro had

no idea until the "day before the joint pretrial order was due"[2] that Ms. Barczak had any "information relevant to the claims or defenses in dispute." In light of the cross examination of Ms. Seckinger in April of 2013 and the fact that nearly a year later he filed the parties' Joint Pre-trial it is hard to fathom how his statements and the Motion in Limine as to Barczak were nothing more than at a minimum reckless or worse a blatant attempt to increase the proceedings and costs to Luve and to mislead the Court.[3]

**Reuber and Triboro Knew About Otterlee**

6.     Once again Mr. Reuber boldly and unashamedly misrepresents to the Court that he and Triboro have no idea who Tom Otterlee is and how he might have knowledge of relevant facts. Mr. Otterlee was prior counsel for Luve. He wrote a notice of default letter in 2009 setting forth that Triboro had failed to comply with sections 3.2.4, 7.1 and 7.2 of the parties' Exclusive License Agreement ("ELA"). Although Mr. Reuber swears as an officer of the Court and under penalty of perjury that there is no reference to Mr. Otterlee in any of the 12 depositions, sadly such statements are simply untrue. Mr. Otterlee was a topic of discussion in three separate depositions, two of which Mr. Reuber attended[4]. (See, Exhibit 3 pg. pp. 160-162, Ex. 16, 11.28.12 deposition of Richard White; Exhibit 4, pp. 38-41, Ex. 2, 3.28.13 deposition of Joel Kaplan; and Exhibit 5, pg. 143, Ex. 2, 4.24.13 deposition of Richard White as Corporate

---

[2] The Joint Pre-Trial was due on April 23, 2014 almost a year after Mr. Reuber took Ms. Seckinger Deposition and cross examined her on Ms. Barczak and her knowledge of relevant facts.

[3] This is especially true when the Court considers that Triboro sued Luve and claimed it had suffered damages that its employees and corporate representative admitted it did not. Further, considering after four years of very expensive litigation, Triboro fails to file any jury instructions or verdict form for any of its claims or alleged causes of action. Finally, when you add in the fact that Triboro denied requests for admissions that it breached the contract at paragraphs 3.2.4, 7.1 and 7.2, when virtually every Triboro employee deposed including, its corporate representative (Richard White), its vice presidents (Darryl Farrell and Donna Slabberkorn) and its sole owner (Joel Kaplan) admitted to those breaches.

[4] Mr. Reuber attended the 11.28.12 deposition of Richard White, the second deposition taken in this case, and the 3.28.13 deposition of Triboro owner Joel Kaplan.

Representative). In all three a notice letter from Otterlee was marked and used as an exhibit to those depositions. (See Exhibits attached to Exhibits 3, 4 and 5).

**Duty of Candor**

**7.**     Perhaps Mr. Reuber and Plaintiff Triboro may argue that well since Ms. Barczak and Mr. Otterlee's names were misspelled that they were being technically honest when they represented to this Court that a search had been done and there was no such person ever mentioned in any of the depositions. However, that does not get around the duty of candor that an officer of the court has. Further, the names of these two witnesses are so unique that it hard to imagine counsel for Plaintiff not simply picking up the phone and asking counsel for Defendant "did you simply misspell their names?"

9.     It appears that just as Triboro has used this entire lawsuit process to harass and increase the costs to Luve by claiming damages and a cause of action without any factual basis to support it, Triboro and its counsel are doing the same thing with their Motion in Limine Number 3.

**Conclusion**

10.     Luve requests that Triboro's motion in limine as to witness Barczak and Otterlee be in all things denied.

                                        The Schiller Law Group, PLLC

                                   By **/s/ David A. Schiller**_____
                                          David A. Schiller

David A. Schiller
The Schiller Law Group, PLLC
3315 Silverstone Drive, Suite B
davids@schillerlaw.com
Plano, TX  75023
(469) 467-9200
(469) 467-9600
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

      This is to certify that on this the 21st day of November, 2014, a true and correct copy of the foregoing instrument has been sent to all counsel of record via email by operation of the Court's ECF filing system, and in accordance with the Federal Rules of Civil Procedure.

                                          __/s/ David A. Schiller_____
                                            David A. Schiller