# THE SCHILLER LAW GROUP, PLLC
*Attorneys and Counselors at Law*
**3315 Silverstone Drive, Suite B**
**Plano, Texas 75023**

David A. Schiller

December 2, 2014

**<u>Via ECF</u>**
Hon. Vincent L. Briccetti
Charles L. Brieant, Jr. Federal Courthouse
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4250

Re:   *Triboro v. Luve LLC* Civil Action No. 10-CV-3604

Dear Judge Briccetti:

    This Court set a scheduling order which included a discovery deadline of April 1, 2013. (Dkt# 45). Defendant Counterclaimant Luve, LLC ("Luve") filed its witness and exhibit list as a part of the parties' Joint Pre-Trial Order on April 24, 2014, (Dkt# 89). In that list, Luve identified Tom Otterlee and Kathy Barczak as witnesses. (Dkt# 89). This should not have been any surprise to Plaintiff as these witnesses were identified in written discovery and the topic in several depositions. (See Dkt#133 and attached exhibits) Plaintiff subpoenaed both of these witnesses to appear for their deposition in Milwaukee on December 9, 2014 some 19 months after the close of discovery. Luve is opposed to the depositions being taken after the close of the discovery period. However, these depositions are obviously related to Plaintiff's Motion in Limine #3 (Dkt# 115) wherein Triboro seeks to have Otterlee and Barczak stricken as witnesses. Luve has reached out to the witnesses and they are both available for their deposition on December 9, 2014 and Luve and its counsel can appear on that date albeit with some rescheduling of other matters, if the Court is inclined to allow the depositions to go forward as a condition to allowing the witnesses to testify at trial. There is likely no other dates available after the December 19, 2014 pre-trial hearing but before trial to accomplish these depositions. Likewise Luve is concerned that simply filing a motion to quash that it would not be set and heard in time to deal with the December 9, 2014 depositions.

    Luve respectfully requests a telephone conference with the Court, on December 3rd or 4th 2014, if possible, in order to get guidance from the Court on whether the depositions should proceed outside of the discovery period. Put simply, Luve wants to call these witnesses at trial, if in order to do so they must be presented for their deposition, Luve would like to proceed with their deposition. On the other hand if the Court is not going to require them to give a deposition as a condition of these witnesses testifying at trial, then Luve does not want to incur such expense. Further, if the depositions are going to proceed, Luve would like to take the deposition of Bea

The Honorable Vincent L. Briccetti, U.S.D.J
December 2, 2014.
Page 2

Robustelli a witness on Triboro and Luve's witness list who was not disclosed prior to the close of the discovery period.

    Luve's counsel can be available at any time on the morning of the 3rd or all day on the 4th for a conference call with the Court.

    Thank you for your courtesy in this matter.

                                Very truly yours,

                                /s/ David A. Schiller

                                David A. Schiller

DAS/cs
cc/ecf:        Paul Fields, Esq.  (Co-counsel for Plaintiff)
               Cameron Reuber, Esq. (Co-counsel for Plaintiff
               Leason Ellis LLP
cc/ecf:        Russell Yankwitt (Co-counsel for Plaintiff)
               Craig Cepler (Co-counsel for Plaintiff)