# THE SCHILLER LAW GROUP
*Attorneys and Counselors at Law*
**3515 Silverstone Suite B**
**Plano, Texas 75023**

David A. Schiller

December 18, 2014

**<u>Via ECF</u>**
Hon. Vincent L. Briccetti
Charles L. Brieant, Jr. Federal Courthouse
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4250

      Re:    Triboro Quilt Manufacturing, Inc. v. Luve, LLC. 7:10-cv-03604-VB

Honorable Judge Bricetti:

      As you are aware I represent Luve, LLC in the above captioned matter. This letter is in response to Triboro's letter request for an adjournment of the current trial setting on this matter (Dkt#149). The lawsuit that was filed on behalf of Luve, is a copyright infringement case against Triboro and its only relationship to this case is, in fact, the parties. The current pending case has no component of it as a copyright lawsuit. In fact, on December 28, 2012, Luve filed its motion for leave to amend its pleadings to add causes of actions and claims. (Dkt#46)  There was no request included to add a copyright violation cause of action because Luve was unaware of the copyright claim at that time.

      Triboro opposed that motion for relief (Dkt#47) and the Honorable Yanthis denied the relief to amend. (Dkt#52). The reason for the denial listed by Triboro and adopted by Judge Yanthis was that additional discovery would be required and that it would "delay the trial" which would, according to Triboro, prejudice them. At the hearing on the Rule 15 Motion, counsel for Luve represented to then counsel for Triboro, that he would in fact be filing additional actions and it made no sense from a cost perspective not to try to do it in one case. Triboro's counsel elected to have separate trials rather than "delay" the resolution of this case. Now Triboro's new counsel argues that the cases ought to be "litigated together".

      This Court should not, now that we are on the eve of trial, allow Triboro to change its mind about trying all of the claims between the parties in this case, at the prejudice to Luve. Luve has incurred substantial attorney fees and costs in preparing for trial. The parties have completed most, if not all, of the pre-trial briefings and filings. It would greatly delay the resolution of this case by allowing Triboro to try to consolidate the cases. Further, Triboro has not explained why these cases are so intertwined that delaying the trial in this court outweighs the prejudice to Luve in the delay. Nor does Triboro support its arguments that there is no jurisdiction over Triboro in Federal Court

December 18,2014
Page 2
7:10-cv-03604-VB

in Texas. Finally, Triboro offers no arguments that would even establish a *prima facie* case of being entitled to a transfer of venue by virtue of *forum non conveniens*. The copyright issues are a direct result of Triboro's improper and unauthorized use of Luve's photos and text on its own Just Born packaging.

    Triboro argues that it is seeking a Declaratory Judgment regarding the ELA being still pending in this current action. However, Triboro has no pleadings to support a cause of action for Declaratory Judgment. Further, Triboro has not submitted any jury instructions or verdict forms for a Declaratory Judgment. Therefore, Luve is unaware of any allegations that would in any way justify delaying the trial simply because there is another lawsuit in Texas related to Triboro's copyright infringement of Luve's copyright.

                       Respectfully submitted,

                       /s/ David A. Schiller

                       David A. Schiller

DAS/cs
cc/ecf:      Paul Fields, Esq.  (Co-counsel for Plaintiff)
              Cameron Reuber, Esq. (Co-counsel for Plaintiff
              Leason Ellis LLP
cc/ecf:      Russell Yankwitt (Co-counsel for Plaintiff)
              Craig Cepler (Co-counsel for Plaintiff)